# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-7918 ABC (CWx) | Date | March 6, 2007 |
|---|---|---|---|

| Title | Academy of Motion Picture Arts and Sciences v. Associazione Italiana Sommelier Roma, et al. |
|---|---|

Present: The Honorable Audrey B. Collins

| Daphne Alex | None Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

None Present                                         None Present

**Proceedings:**   PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT ECHOSTAR COMMUNICATIONS CORPORATION (In Chambers)

Pending before this Court is Plaintiff's Motion for Partial Summary Judgment as to Defendant EchoStar Communications Corporation ("EchoStar"). The Court finds this motion appropriate for submission without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. Having considered the materials submitted by the parties and the case file, and for the reasons indicated below, the Court **DENIES** Plaintiff's Motion for Partial Summary Judgment as to EchoStar.

## I. FACTUAL BACKGROUND

Plaintiff Academy of Motion Picture Arts and Sciences alleges that EchoStar broadcasted programming that improperly used Plaintiff's OSCAR trademarks and service marks (the "OSCAR mark"). Plaintiff has been using the OSCAR mark for many years; the 77th Oscars took place in 2005. The OSCAR mark and the awards ceremony of the same name are well-known around the world. For the 77th Oscars, Plaintiff received applications for media access from approximately 550 national and international media outlets.

In about 2003, Plaintiff first learned that an Italian television network, RAI, was broadcasting award shows in Italy that used the OSCAR mark. In 2005, Plaintiff discovered that RAI was also producing programming that was available in the United States. EchoStar is the exclusive broadcaster of RAI programming in the United States, re-broadcasting the programming they receive from RAI. There is only one RAI station broadcasted by EchoStar in the United States, RAI

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-7918 ABC (CWx) | Date | March 6, 2007 |

| Title | Academy of Motion Picture Arts and Sciences v. Associazione Italiana Sommelier Roma, et al. |

International.[1]  In Italy, the primary stations broadcasted by RAI are called "RAI Uno," "RAI Due," and "RAI Tre."  The programming on RAI International is different from the programming on the Italian RAI stations.  Programming schedules for RAI International show that three different awards shows with "oscar" in the title were scheduled to be broadcasted in 2001, 2004, and 2005, and some of these shows were scheduled to air more than once.  However, sometimes programs scheduled to be shown on RAI International were not actually shown.  The titles of the three programs are "Premio Regia Televisiva - Oscar TV," "La Kore - Oscar della Moda," and "L'Oscar del Vino."

RAI International is available only in the Italian language, and the programming is aimed at Italians living abroad who would like to remain connected to Italy.  There are approximately 50,000 viewers of RAI International on EchoStar's satellite television network.  According to several Italian dictionaries, the word "oscar" can refer to a prize or award given for success in a particular activity.  The "Oscar for fashion" is a common example given in the translated texts.  This is a usage derived from Plaintiff's use of the word, with Plaintiff's use being the primary definition.  There are at least 50 claimed trademarks in Italy that use the word "oscar" to mean a prize or award, but Plaintiff has undertaken significant litigation to contest the unauthorized use of the OSCAR mark in Italy.  At least some Italians interpret and use the word "oscar" to mean a generic term for "award."

On August 16, 2005, Plaintiff requested that EchoStar cease and desist from distributing the L'Oscar del Vino awards ceremony in the United States.  Although some awards ceremony shows containing the word "oscar" have been broadcasted in Italy on RAI Uno since that date, RAI International programming has not included any of the three allegedly infringing programs since August 1, 2005.  RAI also has no intention of including these three awards shows in the future programming for RAI International.

Plaintiff brought this motion on September 22, 2006.  On October 16, 2006, the Court granted EchoStar's Rule 56(f) motion, allowing EchoStar to conduct limited discovery.  The parties filed supplemental

---

[1] There are different versions of RAI International that are broadcasted in other regions of the world.  But the United States only receives one version of RAI International, called "RAI International 1."  The Court will use "RAI International" to refer to the RAI International station that is broadcasted in the United States.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | |
|---|---|---|
| Case No. | CV 05-7918 ABC (CWx) | Date: March 6, 2007 |
| Title | Academy of Motion Picture Arts and Sciences v. Associazione Italiana Sommelier Roma, et al. | |

declarations on November 15, 2006, December 4, 2006, December 6, 2006, and December 7, 2006, and the Court took the matter under submission.

## II. LEGAL STANDARD

Summary judgment shall be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Because the moving party here has the burden of proof at trial, it must establish "beyond controversy every essential element" of its claim. So. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003) (citation and internal quotation marks omitted) (adopting the district court's opinion). If the moving party satisfies this burden, the party opposing the motion must set forth specific facts, through affidavits or admissible discovery materials, showing that there exists a genuine issue for trial. Id. at 323-24; Fed. R. Civ. P. 56(e).

The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported summary judgment motion; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48. The "opponent must do more than simply show there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

An issue of fact is a genuine issue if it reasonably can be resolved in favor of either party. Anderson, 477 U.S. at 250-51. "[M]ere disagreement or the bald assertion that a genuine issue of material fact exists" does not preclude summary judgment. See Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir. 1989). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury . . . could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict . . . ." Anderson, 477 U.S. at 252. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 05-7918 ABC (CWx) | Date | March 6, 2007 |
| Title | Academy of Motion Picture Arts and Sciences v. Associazione Italiana Sommelier Roma, et al. | | |

"[A] district court is not entitled to weigh the evidence and resolve disputed underlying factual issues." Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1161 (9th Cir. 1992). Rather, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

### III. DISCUSSION

Plaintiff seeks summary judgment on its claims of trademark infringement, false representation of origin, contributory trademark infringement, and trademark dilution. Because EchoStar has raised a genuine issue of material fact with respect to each of the claims, summary judgment is inappropriate.

**A. EchoStar's Evidentiary Objections**

As a preliminary matter, the Court addresses EchoStar's numerous evidentiary objections. Many of EchoStar's objections are overruled and will not be discussed specifically, but the objections that have been sustained are noted below.

**1. Scott Miller Declaration**

The facts regarding events from the 1930's and 1950's in paragraphs 3 and 4 are excluded, because Mr. Miller has not given any indication that he would have personal knowledge regarding such events. Mr. Miller's statement in paragraph 7 that the OSCAR mark is valid, famous and incontestable under 15 U.S.C. § 1065 is excluded as an improper legal opinion. Mr. Miller's statements in paragraphs 14, 16, and 17 that EchoStar misappropriated the Oscar mark by willfully distributing shows and that EchoStar has continued to broadcast and distribute infringing programming are excluded as improper legal opinions that are not based on personal knowledge.

**2. Stefano Andres Declaration**

Mr. Andres' statement in paragraph 3 that the Oscar del Vino awards show has "evidently" been conducted annually since 1999 is excluded for lack of personal knowledge.

**3. September 19, 2006 Amir A. Amini Declaration**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-7918 ABC (CWx) | Date | March 6, 2007 |
|---|---|---|---|
| Title | Academy of Motion Picture Arts and Sciences v. Associazione Italiana Sommelier Roma, et al. | | |

Throughout his declaration, Mr. Amini makes statements that are nothing more than arguments characterizing the documents that are attached as exhibits to his declaration. Specifically, the Court notes the comments in paragraphs 5, 6, 8, and 10. These comments are excluded for lack of personal knowledge or improper legal opinion. To the extent Mr. Amini is attempting to prove the contents of the exhibits, the Court will rely on the exhibits themselves.

**4. October 9, 2006 Amir A. Amini Declaration**

The Court excludes Mr. Amini's argument regarding what should be expected from his client in paragraph 8.

**5. Initial David W. Quinto Declaration**

Mr. Quinto's arguments in paragraph 3 characterizing Exhibit A are excluded for lack of personal knowledge or improper opinion. To the extent Mr. Quinto is simply describing the exhibit, the Court will refer to the exhibit.

**6. October 9, 2006 Elena Grimme Declaration**

Ms. Grimme's statements in paragraphs 4 and 6 that the OSCAR mark is valid, famous, distinctive, and has acquired secondary meaning in Italy are excluded as improper legal opinions.

**7. Supplemental David W. Quinto Declaration**

The Court **GRANTS** EchoStar's Motion to Strike the Supplemental Declaration of David W. Quinto, which was filed by Plaintiff on December 7, 2006. The majority of Mr. Quinto's declaration is not based on personal knowledge, despite his statement to the contrary. Instead, Mr. Quinto essentially uses his declaration to make additional arguments in support of his client's motion. The majority of the factual information in the declaration is simply a summary of information provided by Tracy West in her deposition, information not within Mr. Quinto's personal knowledge. The only statements based on personal knowledge concern events at the deposition, which are inadmissible hearsay or are not relevant to this motion.

Additionally, the exhibits attached to the declaration are inadmissible, irrelevant, or have already been attached to Plaintiff's previously filed declarations. The excerpts from the rough transcript of Tracy West's deposition are inadmissible. See Orr v. Bank of Am., NT & SA, 285 F.3d 764, 773-74 (9th Cir. 2002) (explaining that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-7918 ABC (CWx) | Date | March 6, 2007 |
|---|---|---|---|
| Title | Academy of Motion Picture Arts and Sciences v. Associazione Italiana Sommelier Roma, et al. | | |

authentication is a condition precedent to admissibility and that an extract from a deposition is not properly authenticated if it does not have a reporter's certification). Exhibit A, the Notice of Deposition, is irrelevant. Exhibits J and O were already provided to the Court in Plaintiff's previously filed declarations. The Court excludes Mr. Quinto's supplemental declaration in its entirety.

**B. Trademark Infringement and False Representation of Origin**

In order to establish a claim for trademark infringement, a plaintiff must show: 1) ownership of the trademark at issue; 2) use by defendant, without authorization, of a copy, reproduction, counterfeit or colorable imitation of the moving party's mark in connection with the sale, distribution or advertising of goods and services; and 3) the defendant's use of the mark is likely to cause consumer confusion. 15 U.S.C. § 1114(1); see also Discovery Commc'ns, Inc. v. Animal Planet, Inc., 172 F. Supp. 2d 1282, 1288 (C.D. Cal. 2001). A claim for false representation of origin also requires the likelihood of consumer confusion. 15 U.S.C. § 1125(a)(1)(A).

Because EchoStar has raised a triable issue of fact regarding the likelihood that the Italian "oscar" awards programs being shown on RAI International would cause consumer confusion, summary judgment in Plaintiff's favor is inappropriate on the claims for trademark infringement and false representation of origin.

The Ninth Circuit has set forth a multi-factor test to determine whether a likelihood of confusion exists: 1) the strength of the allegedly infringed mark; 2) proximity or relatedness of the goods; 3) similarity of the marks; 4) evidence of actual confusion; 5) marketing channels used; 6) type of goods and the degree of care likely to be exercised by the purchaser; 7) defendant's intent in selecting the mark; and 8) likelihood of expansion of the product lines. AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir. 1979). The Ninth Circuit has cautioned:

> Some factors are much more important than others, and the relative importance of each individual factor will be case-specific. Although some factors - such as the similarity of the marks and whether the two companies are direct competitors - will always be important, it is often possible to reach a conclusion with respect to likelihood of confusion after considering only a subset of the factors. Moreover, the foregoing list does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-7918 ABC (CWx) | Date | March 6, 2007 |
|---|---|---|---|
| Title | Academy of Motion Picture Arts and Sciences v. Associazione Italiana Sommelier Roma, et al. | | |

purport to be exhaustive, and non-listed variables may often be quite important.

Brookfield Commc'ns, Inc. v. West Coast Entm't Corp., 174 F.3d 1036, 1054 (9th Cir. 1999) (citation omitted).

**1. Strength of the Allegedly Infringed Mark**

A "strong" mark is one that is used only in a "fictitious, arbitrary, and fanciful manner," whereas a "weak" mark is a mark that is a meaningful word in common usage or is merely a suggestive or descriptive trademark. Alpha Indus., Inc. v. Alpha Steel Tube & Shapes, Inc., 616 F.2d 440, 445 (9th Cir. 1980). "The strength of a mark is determined by its placement on a continuum of marks from generic, afforded no protection; through descriptive or suggestive, given moderate protection; to arbitrary or fanciful, awarded maximum protection." E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1291 (9th Cir. 1992) (internal quotation marks omitted). A strong mark is entitled to a greater degree of protection because of its unique usage. J. B. Williams Co. v. Le Conte Cosmetics, Inc., 523 F.2d 187, 192 (9th Cir. 1975). "A descriptive mark tells something about the product; it will be protected only when secondary meaning is shown." Sleekcraft, 599 F.2d at 349. Suggestive marks "subtly connote something about the products" and "will be protected without proof of secondary meaning." Id. "Marks may be strengthened by extensive advertising, length of time in business, public recognition and uniqueness." Discovery Commc'ns, 172 F. Supp. 2d at 1289 (citing Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1179 (9th Cir. 1988)). Moreover, a mark's strength is judged "by reference to the goods or services that it identifies" and "as it appears in the marketplace." Entrepreneur Media, Inc. v. Smith, 279 F.3d 1135, 1142 (9th Cir. 2002).

Although Plaintiff's admissible evidence is somewhat thin on the strength of its mark, there is really no question that the OSCAR mark is strong in the English language. It is not generic, descriptive, or suggestive. In the English language, the use of "oscar" to describe an award or awards program is arbitrary or fanciful and deserves maximum protection. However, EchoStar has presented evidence showing that the word "oscar" could be considered generic in Italy and in the Italian language. Although the allegedly infringing television programs were broadcasted in the United States, they were produced in the Italian language. Plaintiff did not object to EchoStar's evidence that RAI International programming is aimed at Italians living abroad. The majority of RAI International viewers are likely to speak and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-7918 ABC (CWx) | Date | March 6, 2007 |
|---|---|---|---|
| Title | Academy of Motion Picture Arts and Sciences v. Associazione Italiana Sommelier Roma, et al. | | |

understand Italian. Therefore, there are factual issues concerning the strength of the mark among the viewers of RAI International.

### 2. Proximity or Relatedness of the Goods

The more likely the public is to assume there is an association between the producers of allegedly infringing goods, the less similarity among the marks is required to support a finding of likelihood of confusion. Sleekcraft, 599 F.2d at 350.

Because the allegedly infringing products are also televised award programs, they are closely related to Plaintiff's use of the OSCAR mark in its movie industry award program. But there are also some differences. The allegedly infringing programs are in Italian and appear to be focused on achievement in Italy in industries other than the film industry.

### 3. Similarity of the Marks

"Similarity of the marks is tested on three levels: sight, sound, and meaning. Each must be considered as they are encountered in the marketplace." Sleekcraft, 599 F.2d at 351 (citation omitted).

Except for the fact that the allegedly infringing programs have other Italian words surrounding the word "oscar" in their titles, the parties' marks are the same in sight and sound. But EchoStar presents evidence that the meaning of "oscar" in the Italian-language programs is quite different than the meaning of "oscar" in English. This difference could give a greater significance, at least in the eyes of the typical viewer of RAI International, to the previously mentioned differences in sight and sound. The allegedly infringing programs were in Italian and were not simply called the "oscars." Therefore, there are factual issues concerning the similarity of the marks among the viewers of RAI International.

### 4. Evidence of Actual Confusion

"Evidence of actual confusion is strong evidence that future confusion is likely, but the absence of such evidence is not dispositive." Official Airline Guides, Inc. v. Churchfield Publications, Inc., 6 F.3d 1385, 1393 (9th Cir. 1993) (citation omitted). Plaintiff presents no evidence of actual confusion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 05-7918 ABC (CWx) | Date | March 6, 2007 |
| Title | Academy of Motion Picture Arts and Sciences v. Associazione Italiana Sommelier Roma, et al. | | |

### 5. Marketing Channels

"Convergent marketing channels increase the likelihood of confusion." Sleekcraft, 599 F.2d at 353. Plaintiff has not presented significant evidence regarding marketing channels, but the relatedness of the goods suggests that the marketing channels would be similar. Nonetheless, there are factual issues regarding the likely viewers of RAI International and the marketing channels used to sell RAI International programming in the United States.

### 6. Type of Goods and Degree of Care Likely to be Exercised by the Purchaser

In assessing whether there is a likelihood of confusion, the Court applies the standard of a typical buyer exercising ordinary caution. Sleekcraft, 599 F.2d at 353. The parties have not presented much evidence regarding the level of sophistication of the typical buyer. Plaintiff suggests that its customers are average consumers and would likely be confused by the allegedly infringing programming. But EchoStar argues that the typical RAI International customer speaks Italian and would not be confused by the use of the word "oscar" in an Italian language program. A genuine factual issue exists regarding the degree of care likely to be exercised by the purchaser.

### 7. Defendant's Intent in Selecting the Mark

An intent to confuse consumers is not required for a finding of trademark infringement. Brookfield Commc'ns, 174 F.3d at 1059. However, intent to deceive is strong evidence of a likelihood of confusion. Intersteller Starship Services, Ltd. v. Epix Inc., 184 F.3d 1107, 1111 (9th Cir. 1999). This factor favors the plaintiff where the alleged infringer adopted his mark with knowledge, actual or constructive, that it was another's trademark. Brookfield Commc'ns, 174 F.3d at 1059. Moreover, when the alleged infringer knowingly adopts a mark similar to another's, courts presume that the public will be deceived. Entrepreneur Media, 279 F.3d at 1148. The point, however, "is not that an intent to confuse is relevant as some measure of culpability. Rather, the alleged infringer's judgment as to what is likely to be confusing is relevant because it may well be accurate." Id.

In analyzing this factor, the Court looks to the intent of the original producers and not EchoStar, who, as a re-broadcaster of the programming, did not make the decision to use the word "oscar." Although it seems likely that the producers of the allegedly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 05-7918 ABC (CWx) | Date | March 6, 2007 |
|---|---|---|---|
| Title | Academy of Motion Picture Arts and Sciences v. Associazione Italiana Sommelier Roma, et al. | | |

infringing programming intended to evoke thoughts of Plaintiff's OSCAR mark, it is not clear that they intended to deceive consumers with the association. EchoStar has evidence suggesting that the word "oscar" was intended in a generic sense, without an intent to deceive. A triable issue of fact exists as to the intent behind the use of the word "oscar" in the titles of the Italian television programs.

### 8. Likelihood of Expansion of Product Lines

A "strong possibility" that either party may expand his business to compete with the other will weigh in favor of finding that the present use is infringing. Sleekcraft, 599 F.2d at 354. Plaintiff has not presented evidence that the gap between the parties' product lines will be narrowing in the future.

EchoStar has presented genuine issues of material fact on several of the factors in the likelihood of confusion test that are important to the analysis in this case. Specifically, EchoStar presents evidence that viewers of RAI International could perceive the word "oscar" as generic when used in an Italian language awards program. As a result, on balance, the Court finds there is a genuine issue of material fact as to the likelihood of consumer confusion between the parties' marks. Accordingly, Plaintiff's motion is denied as to trademark infringement and false representation of origin.

### C. Contributory Trademark Infringement

"[C]ontributory trademark liability is applicable if defendant (1) intentionally induces another to infringe on a trademark or (2) continues to supply a product knowing that the recipient is using the product to engage in trademark infringement." Fonovisa, Inc. v. Cherry Auction, Inc., 76 F.3d 259, 264 (9th Cir. 1996) (citing Inwood Labs., Inc. v. Ives Labs., Inc., 456 U.S. 844, 854-55 (1982)).

Plaintiff has not produced evidence showing that EchoStar induced a third party to infringe Plaintiff's trademark. Plaintiff has also failed to produce evidence that EchoStar has ever supplied a product to a third party who has infringed Plaintiff's trademark. Summary judgment in Plaintiff's favor on contributory infringement is therefore inappropriate.

### D. Trademark Dilution

Plaintiff argues that the recently enacted Trademark Dilution Revision Act, effective October 6, 2006, makes "likelihood of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No.: | CV 05-7918 ABC (CWx) | Date: | March 6, 2007 |
|---|---|---|---|
| Title | Academy of Motion Picture Arts and Sciences v. Associazione Italiana Sommelier Roma, et al. | | |

dilution" the proper standard for its trademark dilution claim in this case. EchoStar, on the other hand, contends that the new law should not be applied retroactively and that "actual dilution" is still the standard to be applied in this case. It appears that EchoStar is correct with respect to the recovery of damages. Damages are not available under the new law for conduct that began before October 6, 2006. See 15 U.S.C. § 1125(c)(5). However, the result may be different with respect to injunctive relief. Some precedent suggests that injunctive relief, a prospective remedy, would not be considered a retroactive application of a trademark statute. See Viacom Inc. v. Ingram Enters., Inc., 141 F.3d 886, 888-90 (8th Cir. 1998).

But the Court need not decide the retroactivity question on this motion. Even if the new statute should be applied to Plaintiff's claims for injunctive relief, Plaintiff is not entitled to summary judgment on its trademark dilution claims. EchoStar raises genuine issues of material fact regarding "likelihood of dilution" that prevent Plaintiff from establishing trademark dilution as a matter of law.

Under the new federal trademark dilution law, Plaintiff is entitled to injunctive relief if, among other requirements, EchoStar's programming "is likely to cause dilution by blurring or dilution by tarnishment." 15 U.S.C. § 1125(c)(1). Dilution by tarnishment occurs if the programming "harms the reputation" of Plaintiff's mark. 15 U.S.C. § 1125(c)(2)(C). Dilution by tarnishment involves the association of a famous mark with an inferior or offensive product. Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1326 n.7 (9th Cir. 1998). Plaintiff has not presented any evidence to establish that EchoStar's programming was inferior or offensive.

To determine if dilution by blurring is likely, the Court may consider all relevant factors, including:

> (i) The degree of similarity between the mark or trade name and the famous mark.
> (ii) The degree of inherent or acquired distinctiveness of the famous mark.
> (iii) The extent to which the owner of the famous mark is engaging in substantially exclusive use of the mark.
> (iv) The degree of recognition of the famous mark.
> (v) Whether the user of the mark or trade name intended to create an association with the famous mark.
> (vi) Any actual association between the mark or trade name and the famous mark.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-7918 ABC (CWx) | Date | March 6, 2007 |
|---|---|---|---|
| Title | Academy of Motion Picture Arts and Sciences v. Associazione Italiana Sommelier Roma, et al. | | |

15 U.S.C. § 1125(c)(2)(B).

While several of these factors point toward the likelihood of dilution by blurring of Plaintiff's OSCAR mark, EchoStar has raised a genuine issue of fact that prevents the Court from finding likelihood of dilution as a matter of law.

Specifically, EchoStar has raised a significant issue of fact regarding the distinctiveness of Plaintiff's OSCAR mark among the viewers of RAI International. EchoStar's evidence reveals that RAI International is broadcasted in the Italian language and is aimed at Italians living abroad. EchoStar's evidence also suggests that the word "oscar" in Italian can be generic for an award. Thus, there is a genuine issue of fact regarding the distinctiveness of Plaintiff's OSCAR mark among RAI International viewers. Although there is no requirement of consumer confusion, trademark dilution can only occur if the consumer makes a mental association with the famous mark when exposed to the offending product. Otherwise, there could be no dilution of the famous mark. See Moseley v. V Secret Catalogue, Inc., 537 U.S. 418, 433-34 (2003) (noting that dilution by blurring follows mental associations by consumers and lessens the ability of a famous mark to identify goods or services). If the viewers of RAI International perceive the word "oscar" as being a generic term for an award when used in the Italian language, then the Italian award programs using the word "oscar" may not even bring about a mental association with Plaintiff's OSCAR mark. The fact that the EchoStar programming uses the term "oscar" surrounded by other Italian words further supports EchoStar's position in this regard.

EchoStar raises genuine issues of material fact regarding "likelihood of dilution" that prevent Plaintiff from establishing trademark dilution under the newly enacted Trademark Dilution Revision Act. These issues of fact also prevent Plaintiff from establishing trademark dilution under an actual dilution standard. Therefore, summary judgment for Plaintiff on the federal trademark dilution claim is inappropriate.

Summary judgment on Plaintiff's claim of trademark dilution under California law is also inappropriate for the same reasons outlined above.

//
//
//

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 05-7918 ABC (CWx) | Date | March 6, 2007 |
|---|---|---|---|
| Title | Academy of Motion Picture Arts and Sciences v. Associazione Italiana Sommelier Roma, et al. | | |

### IV. CONCLUSION

For the reasons stated above, Plaintiff has failed to establish any claims for relief as a matter of law. There are genuine issues of fact for trial. Plaintiff's Motion for Partial Summary Judgment as to EchoStar is **DENIED**.

**IT IS SO ORDERED.**

                                                                                                                                                                  :

Initials of Preparer