# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Priority Send ✓
Enter ✓
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

| | | |
|---|---|---|
| Case No. | CV 05-7918 ABC (CWx) | Date: May 3, 2007 |
| Title | Academy of Motion Picture Arts and Sciences v. Associazione Italiana Sommelier Roma, et al. | |

Priority Send

**Present: The Honorable** Audrey B. Collins

| Daphne Alex | None Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

None Present                                None Present

**Proceedings:** DEFENDANTS RAI-RADIOTELEVISIONE ITALIANA SPA AND NEWCO RAI INTERNATIONAL SPA'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (In Chambers)

Pending before this Court is Defendants RAI Radiotelevisione Italiana SPA ("RAI") and Newco RAI International SPA's ("Newco RAI") (collectively, "the RAI Defendants") Motion to Dismiss Plaintiff Academy of Motion Picture Arts and Sciences' First Amended Complaint. The RAI Defendants seek dismissal of the complaint for lack of personal jurisdiction and *forum non conveniens*. The Court has considered the materials submitted by the parties and the case file. For the reasons indicated below, the Court **DENIES** the RAI Defendants' Motion to Dismiss.

## I. FACTUAL BACKGROUND

Plaintiff alleges that the RAI Defendants infringed Plaintiff's OSCAR trademarks and service marks (the "OSCAR mark") through the distribution of television programming to viewers in Los Angeles, California and throughout the United States. Specifically, Plaintiff claims that certain Italian-language television programs containing the word "oscar" ("Oscar Del Vino," "Oscar TV Dell'Anno," "Oscar Della Moda," "Oscar Del Teatro," and "Oscar Per Due") have infringed the OSCAR mark.

The RAI Defendants are located in Italy and do not maintain offices, bank accounts, or real property in California. RAI broadcasts television programming in Italy. The primary stations broadcast by RAI in Italy are called "RAI Uno," "RAI Due," and "RAI Tre." RAI does not broadcast television programs in the United States. Instead, RAI has an agreement with a Saudi Arabian company

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 05-7918 ABC (CWx) | Date | May 3, 2007 |
| Title | Academy of Motion Picture Arts and Sciences v. Associazione Italiana Sommelier Roma, et al. | | |

Dallah Albaraka Holding E.C. ("Albaraka")[1], giving that company the right to distribute RAI's international programming, called "RAI International," in the United States. Pursuant to this distribution agreement, RAI receives a royalty payment for each subscriber who pays to receive RAI International programming. EchoStar Communications Corporation ("EchoStar") is the exclusive satellite broadcaster of RAI International in the United States. Albaraka receives the signal for the programming from RAI in Italy and arranges for its transmission to EchoStar. EchoStar then re-broadcasts the programming to its customers in the United States. The contract between EchoStar and Albaraka is also signed by RAI. Pursuant to that contract, RAI has agreed that if the distribution contract between RAI and Albaraka is terminated, RAI will negotiate in good faith directly with EchoStar regarding the distribution rights to RAI International.

RAI International is available only in the Italian language, and the programming is aimed at Italians living abroad who would like to remain connected to Italy and others who might be interested in learning about the Italian language and culture. There are approximately 50,000 viewers of RAI International on EchoStar's satellite television network. RAI maintains a website giving its viewers and potential viewers information regarding RAI International programming. The website contains programming schedules and information regarding the availability of the programming around the world. California residents interested in receiving RAI International programming can learn the names and phone numbers of the local cable and satellite providers by visiting RAI's website.

The RAI Defendants brought this motion on February 15, 2007 after being served with Plaintiff's First Amended Complaint. Plaintiff submitted its Opposition on March 12, 2007, and the RAI Defendants filed their Reply on April 2, 2007.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) permits a court to dismiss a motion for "lack of jurisdiction over the person." It has long been settled that a court may exercise personal jurisdiction over

---

[1] It appears that Albaraka's right to distribute RAI programming was assigned to subsidiary corporations or agents, including Nasacom and IMD. To avoid confusion, for this motion the Court will simply use "Albaraka" to refer to all affiliated Albaraka entities.

| | | |
|---|---|---|
| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page 2 of 10 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-7918 ABC (CWx) | Date | May 3, 2007 |
|---|---|---|---|
| Title | Academy of Motion Picture Arts and Sciences v. Associazione Italiana Sommelier Roma, et al. | | |

a nonresident defendant only so long as there exist "minimum contacts" between the defendant and the forum, such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Where there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. Dole Food Co. v. Watts, 303 F.3d 1104, 1110 (9th Cir. 2002). California permits "[a] court of [the] state [to] exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10; see also Ballard v. Savage, 65 F.3d 1495, 1500 n.4 (9th Cir. 1995) ("California permits its courts to exercise personal jurisdiction to the extent permitted by the federal due process clause."); Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990) (finding that California's statutory limitation is "coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court").

Personal jurisdiction may be either general or specific. See Helicopteros Nacionales De Columbia, S.A. v. Hall, 466 U.S. 408, 414-15 nn.8-9 (1984). A defendant is present "generally" in the forum when its activities in the state are "substantial" or "continuous and systematic." Sher, 911 F.2d at 1361; Dole Food, 303 F.3d at 1111. "Specific jurisdiction" exists where the claim for relief arises directly from defendant's contacts with the forum state. See AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996).

Where general jurisdiction does not exist, the Ninth Circuit has established a three-part test to evaluate whether the court may exercise specific jurisdiction over a defendant:
   (1)   The nonresident defendant must do some act or consummate some transaction with the forum state or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of its laws;
   (2)   the claim must arise out of or result from the defendant's forum-related activity; and/or
   (3)   the exercise of jurisdiction must be reasonable.
Ochoa v. J.B. Martin & Sons Farms, Inc., 287 F.3d 1182, 1188-89 (9th Cir. 2002) (footnote omitted).

Although Ninth Circuit law formerly required a plaintiff to demonstrate each of these three factors, in light of subsequent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-7918 ABC (CWx) | Date | May 3, 2007 |
|---|---|---|---|
| Title | Academy of Motion Picture Arts and Sciences v. Associazione Italiana Sommelier Roma, et al. | | |

Supreme Court precedent, a more flexible approach has been adopted to allow interpretation of the factors in light of reasonableness considerations when necessary. Id. at 1189 n.2 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985)).

The procedural framework that governs the determination of personal jurisdiction imposes on plaintiffs the burden of establishing that the defendants they sue have sufficient minimum contacts with California to satisfy due process. See AT&T, 94 F.3d at 588. However, when no evidentiary hearing is held, dismissal is appropriate only if the plaintiff has not made a *prima facie* showing of personal jurisdiction. Id. In determining whether plaintiff has made this *prima facie* showing, "uncontroverted allegations in [the plaintiff's] complaint must be taken as true, and 'conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.'" Id. (quoting WNS, Inc. v. Farrow, 884 F.2d 200, 203 (5th Cir.1989)); see also Ballard, 65 F.3d at 1498 (explaining that plaintiff need only demonstrate facts that if true would support jurisdiction).

The analysis of jurisdiction over a foreign defendant involves evaluating the same factors that determine a court's jurisdiction over a domestic defendant. But, when considering the exercise of jurisdiction over a foreign defendant, the "unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 114 (1987) (declining to exercise jurisdiction over foreign defendant). But see Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1199 (9th Cir. 1988) (quoting the Supreme Court's discussion in Asahi, but noting that "modern advances in communications and transportation have significantly reduced the burden of litigating in another country").

### III. DISCUSSION

**A. Evidentiary Objections**

The RAI Defendants objected to Exhibit Q to the March 12, 2007 David Quinto Declaration. Because it is an improperly authenticated deposition excerpt, the Court has not considered Exhibit Q to the Quinto Declaration. The RAI Defendants also objected to the authenticity of Exhibit A and the conclusory statements of paragraph 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 05-7918 ABC (CWx) | Date | May 3, 2007 |
| Title | Academy of Motion Picture Arts and Sciences v. Associazione Italiana Sommelier Roma, et al. | | |

of the March 12, 2007 Celine Crosa di Vergagni Declaration. The Court has not considered Exhibit A or Ms. Crosa di Vergagni's characterization and description of the submitted documentary evidence. Instead, the Court has considered the remaining exhibits, which received no objections. The April 23, 2007 Supplemental Declaration of David Quinto was submitted without explanation after the briefing schedule and, therefore, has not been considered by the Court on this motion.

**B. Personal Jurisdiction**

Plaintiff contends that there is general jurisdiction based on the RAI Defendants' substantial contacts. But the RAI Defendants do not conduct business or have offices in California. They do not even directly distribute their programming to California residents. Thus, general jurisdiction does not exist. Without general jurisdiction, the Court must examine specific jurisdiction under the Ninth Circuit's three-part test.

**1. Purposeful Availment**

To determine if there is purposeful availment, the first prong in the specific jurisdiction analysis, courts consider whether the defendant's conduct and connection with the forum state create a reasonable anticipation of being haled into court there. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); see also Burger King, 471 U.S. at 475 (explaining that this "requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person") (internal citations and quotations omitted). The requirement is satisfied by showing that the non-resident defendant either (1) purposefully availed himself of the privilege of conducting activities within the forum State, or (2) purposefully directed his conduct toward the forum state. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802-03 (9th Cir. 2004). Purposeful direction is the analysis most suited for cases sounding in tort. Id. at 802.

Purposeful direction in intentional tort cases is analyzed under a three-part test enunciated in Calder v. Jones, 465 U.S. 783 (1984), which requires a showing that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Dole Food, 303 F.3d at 1111. Although Calder involved

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-7918 ABC (CWx) | Date | May 3, 2007 |
|---|---|---|---|
| Title | Academy of Motion Picture Arts and Sciences v. Associazione Italiana Sommelier Roma, et al. | | |

allegations of defamation, the framework established in that case has been generally applied to foreign actions that have foreseeable effects in the forum state, including trademark infringement and dilution. See Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154, 1156 (9th Cir. 2006). Nonetheless, the Ninth Circuit has emphasized that there must be "something more" than a foreign act with foreseeable effects in the forum state; the act must be expressly aimed at the forum state. Id. at 1156. In Pebble Beach, the court found that a website that gave information about a bed and breakfast, restaurant, and bar in England but did not allow potential guests to pay for service was not expressly aimed at California. Id. at 1153-54, 1158.

    The facts alleged by Plaintiff satisfy the intentional act requirement of the Calder test, and the RAI Defendants admit as much. The RAI Defendants provided the signal containing the offending programming to their distributor, Albaraka.

    Plaintiff has also offered facts to establish that the RAI Defendants' actions were expressly aimed at California, satisfying the second element of the Calder test. The result might be different if the RAI Defendants had maintained their website and simply broadcast an infringing television program in a foreign country that somehow made its way to California without any action or intent on their part. Under Pebble Beach, an informational website alone would not satisfy the "expressly aimed" requirement. But here, the RAI Defendants have done more than put information on the internet and broadcast programming in Italy. RAI purposefully seeks to distribute its Italian-language programming internationally for its financial benefit. To that effect, RAI signed a distribution agreement with Albaraka, giving Albaraka the right to distribute RAI programming in the United States. The RAI Defendants have admitted that this agreement "demonstrates that RAI sought to ensure uninterrupted programming to the Americas." (RAI Defs' Reply Mem. p.7) RAI receives a royalty payment for every customer in California who subscribes to the RAI International programming. RAI also signed the Albaraka agreement with EchoStar, agreeing that if the distribution contract between RAI and Albaraka is terminated, RAI will negotiate in good faith directly with EchoStar regarding the right to distribute RAI International in the United States. RAI maintains a website showing its RAI International programming schedule, and the website notes that the schedules are different for different parts of the world. Also, a California resident can visit the site and learn exactly who to contact to become a subscriber. This evidence demonstrates that the RAI Defendants have expressly aimed the distribution of their programming at California. The RAI Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 05-7918 ABC (CWx) | Date | May 3, 2007 |
|---|---|---|---|
| Title | Academy of Motion Picture Arts and Sciences v. Associazione Italiana Sommelier Roma, et al. | | |

seek to distribute programming within California and have assisted in this distribution. Under similar facts, the Ninth Circuit has upheld the assertion of personal jurisdiction over foreign defendants in a trademark action. See Mattel, Inc. v. MCA Records, Inc., 296 F.3d 894, 899 (9th Cir. 2002) (noting that the foreign defendants' participation in the distribution plan and promotion of a foreign recording in the United States (including California) was conduct expressly aimed at California).

The third element of the Calder test is met because harm to Plaintiff in California, the state where it resides and does substantial business, was a likely and foreseeable result of the unauthorized use of its OSCAR mark.

Plaintiff has alleged facts sufficient to establish that the RAI Defendants purposefully directed their acts at California, the forum state.

### 2. Claims Arising Out of Forum-Related Activities

The Ninth Circuit has adopted a "but for" test to determine whether the "arising out of" requirement is satisfied. Ballard, 65 F.3d at 1500; see Doe v. Am. Nat'l Red Cross, 112 F.3d 1048, 1051-52 (9th Cir. 1997). The test is satisfied, because without the RAI Defendants' actions in distributing the allegedly infringing programming, there would not have been any alleged trademark infringement in the United States. The actions by the RAI Defendants that caused this lawsuit, actions related to the distribution of RAI programming to the United States, are the same actions that were expressly aimed at California, as previously discussed. Therefore, Plaintiff's claims have arisen out of the RAI Defendants' forum-related activities.

### 3. Reasonable Exercise of Jurisdiction

If the plaintiff successfully shows that "the defendant has purposefully directed his activities at forum residents, the *defendant* 'must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" Haisten v. Grass Valley Med. Reimbursement Fund, Ltd., 784 F.2d 1392, 1400 (9th Cir. 1986) (quoting Burger King, 471 U.S. at 477). To determine whether the exercise of jurisdiction would be reasonable, courts examine seven factors: "existence of an alternative forum; burden on the defendant; convenience and effectiveness of relief for the plaintiff; most efficient judicial resolution of the dispute; conflict

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-7918 ABC (CWx) | Date | May 3, 2007 |
|---|---|---|---|

| Title | Academy of Motion Picture Arts and Sciences v. Associazione Italiana Sommelier Roma, et al. |
|---|---|

with the sovereignty of the defendant's state; extent of purposeful interjection; and the forum state's interest in the suit." Brand v. Menlove Dodge, 796 F.2d 1070, 1075 (9th Cir. 1986).

The RAI Defendants do not present arguments specifically addressing the reasonable exercise of jurisdiction. They do, however, address similar issues in their *forum non conveniens* arguments. The RAI Defendants claim that Italy is an adequate alternative forum and that resolution of the case will be more efficient in Italy due to the location of witnesses and access to proof. The RAI Defendants also claim that the operative facts occurred in Italy and would be analyzed under Italian law, lessening California's interest in the litigation.

Although defending a suit in California would likely be inconvenient for an Italian entity, the RAI Defendants have not presented compelling evidence that litigation in the United States would be unduly burdensome for them. The Court disagrees with the RAI Defendants' contention that this case will be more efficiently and effectively resolved in Italy. The RAI Defendants may have provided their programming in Italy, but at issue in this case is trademark infringement that occurred in California and other parts of the United States. One of the central issues in this case appears to be the likelihood that viewers in California and other parts of the United States were confused by the allegedly infringing programs. What transpired in Italy, regarding RAI's contracts, does not appear to be meaningfully in dispute.

The RAI Defendants' purposeful interjection into California is not pervasive or overwhelming. However, the amount of contact is certainly enough to satisfy the minimum contacts required for personal jurisdiction in this case. While admitting that California may have some interest in the dispute, the RAI Defendants argue that Italy's interest is even greater. But California has a strong interest in protecting its residents from tortious acts by non-residents. Sinatra v. Nat'l Enquirer, Inc., 854 F.2d 1191, 1200 (9th Cir. 1998) ("California maintains a strong interest in providing an effective means of redress for its residents tortiously injured by commercial misappropriation.").

After balancing the relevant factors, exercising personal jurisdiction over the RAI Defendants in this case is reasonable. The RAI Defendants have failed to present a compelling case that jurisdiction would be unreasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.: CV 05-7918 ABC (CWx)                    Date: May 3, 2007

Title: Academy of Motion Picture Arts and Sciences v. Associazione Italiana Sommelier Roma, et al.

---

**4. Newco RAI**

The RAI Defendants contend that Newco RAI is not an operational entity. However, Plaintiff has presented evidence, in the form of RAI's consolidated financial statements, suggesting that Newco RAI is active in the international broadcast and distribution of RAI programming. Although the RAI Defendants have evidence putting this fact in dispute, conflicts between the facts must be resolved in Plaintiff's favor for purposes of deciding whether a *prima facie* case for personal jurisdiction exists. Plaintiff has made a *prima facie* showing of personal jurisdiction with respect to Newco RAI.

**C. *Forum Non Conveniens***

"A party moving to dismiss on grounds of forum non conveniens must show two things: (1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal. This showing must overcome the great deference due plaintiffs because a showing of convenience by a party who has sued in his home forum will usually outweigh the inconvenience the defendant may have shown." Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 767 (9th Cir. 1991) (internal citation and quotation marks omitted). "Private interest factors include: ease of access to sources of proof; compulsory process to obtain the attendance of hostile witnesses, and the cost of transporting friendly witnesses; and other problems that interfere with an expeditious trial." Contact Lumber Co. v. P.T. Moges Shipping Co., 918 F.2d 1446, 1451 (9th Cir. 1990). "Public interest factors encompass court congestion, the local interest in resolving the controversy, and the preference for having a forum apply a law with which it is familiar." Id. at 1452.

The RAI Defendants contend that Italy is an adequate alternative forum. Moreover, they argue that the operative facts occurred in Italy and would be analyzed under Italian law and that resolution of the case will be more efficient in Italy due to the location of witnesses and access to proof. As previously discussed, the Court disagrees with the RAI Defendants' argument that Italy is a more convenient forum because of the location of witnesses and proof. The RAI Defendants focus mostly on their distribution contracts, which do not appear to be in dispute. Instead, this case centers on allegations of trademark infringement and trademark dilution under the laws of the United States and California. Plaintiff is a citizen of California. The RAI Defendants have not made a showing sufficient to overcome the great deference this Court must give to Plaintiff's selection of California as a forum.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-7918 ABC (CWx) | Date | May 3, 2007 |
|---|---|---|---|
| Title | Academy of Motion Picture Arts and Sciences v. Associazione Italiana Sommelier Roma, et al. | | |

### IV. CONCLUSION

For the reasons stated above, the RAI Defendants' Motion to Dismiss for lack of personal jurisdiction or *forum non conveniens* is **DENIED**.

**IT IS SO ORDERED.**

                                          :
                              Initials of
                              Preparer      D.A