UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No. | CV 05-7918 ABC (CWx) |
| | Date: July 23, 2007 |
| Title | Academy of Motion Picture Arts and Sciences v. Associazione Italiana Sommelier Roma, et al. |

Present: The Honorable Audrey B. Collins

| Daphne Alex | None Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

None Present                               None Present

**Proceedings:** DEFENDANTS RAI-RADIOTELEVISIONE ITALIANA SPA AND NEWCO RAI INTERNATIONAL SPA'S MOTION FOR MODIFICATION OF A PRIOR ORDER (In Chambers)

Pending before this Court is Defendants RAI Radiotelevisione Italiana SPA ("RAI") and Newco RAI International SPA's ("Newco RAI") (collectively, "the RAI Defendants") Motion for Modification of a Prior Order. The RAI Defendants seek modification of the May 3, 2007 order denying their motion to dismiss. Specifically, the RAI Defendants request that the personal jurisdiction issues decided in the May 3, 2007 order be certified for appeal. The Court found this motion appropriate for submission without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The Court has considered the materials submitted by the parties and the case file. For the reasons indicated below, the Court **DENIES** the RAI Defendants' Motion for Modification of a Prior Order.

A district court may certify an order for interlocutory appeal if the court concludes that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). Interlocutory appeals should be granted "only in extraordinary cases," and not "merely to provide review of difficult rulings in hard cases." U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966); see also James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002) (noting that certification is appropriate only in "rare circumstances"). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James, 283 F.3d at 1068 n.6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 05-7918 ABC (CWx) | Date | July 23, 2007 |
| Title | Academy of Motion Picture Arts and Sciences v. Associazione Italiana Sommelier Roma, et al. | | |

The RAI Defendants have not established that there is a substantial ground for difference of opinion regarding the Court's exercise of personal jurisdiction in this case. Contrary to the RAI Defendants' arguments, the relevant Ninth Circuit authority uniformly supports the Court's May 3, 2007 decision.

The RAI Defendants argue that due process in "purposeful direction" cases always requires a wrongful act expressly aimed at an individually identifiable resident of the forum state. This is an incomplete statement of the controlling law. The RAI Defendants are correct that the Ninth Circuit requires something more than a foreseeable effect in the forum state. Express aiming at the forum state is required. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1087 (9th Cir. 2000). "[T]he requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." Id.; See also Calder v. Jones, 465 U.S. 783, 789-90 (1984) (involving a reporter and editor who expressly aimed their defamatory comments at the plaintiff, a California resident).

But although individualized targeting of a known resident is sufficient to establish express aiming, it is not required. The Ninth Circuit has routinely explained that actions aimed at residents of the forum state can satisfy the express aiming requirement without any specific targeting of an individual forum resident. See Mattel, Inc. v. MCA Records, Inc., 296 F.3d 894, 899 (9th Cir. 2002) (finding that a plan to distribute a song in the United States (including California) and the sending of promotional copies to California were actions expressly aimed at California); Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019-21 (9th Cir. 2002) (upholding the exercise of personal jurisdiction over a defendant who targeted consumers in the forum state through advertisement); Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 807 (9th Cir. 2004) (noting that the advertisement at issue was expressly aimed at Ohio and not California, because it was aimed at potential Ohio customers and was not circulated in California). And even though a passive website alone does not satisfy the express aiming requirement, the requirement could be satisfied if something else is done to encourage "residents" of the forum state. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1157 (9th Cir. 2006). These cases demonstrate that actions taken outside the forum state, which target residents of the forum state, can be expressly aimed at the forum state without any individualized targeting of a plaintiff. This is the type of express aiming that the Court found sufficient in this case to exercise personal jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 05-7918 ABC (CWx)                              Date  July 23, 2007

Title  Academy of Motion Picture Arts and Sciences v. Associazione Italiana Sommelier Roma, et al.

---

over the RAI Defendants.[1] The RAI Defendants have not established that there is a substantial ground for difference of opinion.

Additionally, an immediate appeal from the May 3, 2007 order will not materially advance the ultimate termination of the litigation. Even if the RAI Defendants were to prevail on appeal, the claims against the other defendants would remain. Plaintiff asserts trademark claims against multiple defendants for the same allegedly infringing programming. The case against each defendant will involve similar factual and legal issues. Therefore, an immediate appeal followed by a dismissal of the RAI Defendants would not resolve any of the trademark issues that are central to the ultimate resolution of this case. Although dismissal of the RAI Defendants would certainly be helpful to the RAI Defendants, it would not materially advance the litigation.

For the reasons stated above, the RAI Defendants' Motion for Modification of a Prior Order is **DENIED**.

**IT IS SO ORDERED.**

                                                    :
                                    Initials of
                                    Preparer       D.A.

---

[1] The RAI Defendants also suggest that Plaintiff's jurisdictional allegations were insufficient because they were not found in the complaint. There is no such requirement.